(August 30, 1923.)

SUSA B. OVERSMITH, Respondent, v. HIGHWAY DIS-
TRICT NUMBER TWO, LATAH COUNTY, a Public
Corporation, G. P. MIX and J. H. HAZELTINE, Com-
missioners of said Highway District, INVESTORS
SYNDICATE, a Corporation, K. B. ERICKSON,
Agent of Investors Syndicate, AMALIE BARING,
Secretary of said Highway District, J. H. HAZEL-
TINE, in Person, and FIDELITY & DEPOSIT COM-
PANY OF MARYLAND, a Corporation, Appellants.

[218 Pac. 361.]

"PUBLIC DEPOSITORY LAW"—INVESTMENT OF PUBLIC FUNDS—HIGHWAY
DISTRICTS—STATUTORY COMPLIANCE.

1. Investment of funds of a highway district is prescribed by
chapter 256, 1921 Session Laws, commonly known as the "Public
Depository Law," which is exclusive and must be strictly complied
with.

2. Investment of highway district funds in securities other than
those enumerated in sec. 12, chapter 256, 1921 Session Laws, *held*
unauthorized and illegal and in violation of law.

APPEAL from the District Court of the Second Judicial
District, for Latah County. Hon. Edgar C. Steele, Judge.

Action by taxpayer to recover highway district funds.
Judgment for plaintiff. *Affirmed.*

Morgan & Keane, for Appellants.

The board is invested with complete authority over the
property and finances of the district and may do all things
with reference to its funds necessary to the care thereof. It
may therefore invest the funds of the district, if such in-
vestment be to the best interests of the district, unless they
are expressly prohibited by statute from making such in-
vestment. (C. S., secs. 1507, 1511; *Montgomery v. State,*
97 Miss. 292, 52 So. 357.)

Tannahill & Leeper, *Amici Curiae.*

The provisions of the public depository law refer only to the handling of actual public funds as such, and are not controlling as to the validity of a disbursement for public purposes. (C. S., secs. 318, 1504, 1544; chap. 256, Sess. Laws 1921.) Statutes are to be construed *in pari materia.* (*Amsbary v. City of Twin Falls,* 34 Ida. 313, 200 Pac. 723; *Peavy v. McCombs,* 26 Ida. 143, 140 Pac. 965; 18 C. J. 582.)

A. H. Oversmith, for Respondent.

The provisions of depository laws similar to the Idaho "Public Depository Law" have been held to be mandatory. (22 R. C. L. 228; *DeQuoin v. Kelly,* 176 Ill. 218, 52 N. E. 919, 43 L. R. A. 644; *State v. Lawrence,* 80 Kan. 707, 103 Pac. 839; *State v. Siemens,* 68 Or. 1, 133 Pac. 1173; *State v. Bartley,* 39 Neb. 353, 58 N. W. 172, 23 L. R. A. 67.)

Any act or attempted exercise of power on the part of a municipality in excess of the powers expressly granted by the legislature, or such others as are necessarily and fairly implied, are void. Any ambiguity or doubt arising out of the terms used by the legislature should be resolved against the municipality attempting to exercise an implied power. (Dillon, Municipal Corp., 3d ed., par. 89; *State v. Frederic,* 28 Ida. 709, 155 Pac. 977; *State v. Nelson,* 36 Ida. 713, 213 Pac. 362; *Bradbury v. City of Idaho Falls,* 32 Ida. 28, 177 Pac. 388; *Tate v. Johnson,* 32 Ida. 251, 181 Pac. 523.)

Highway commissioners, in the handling of the funds of the highway district, are ·held to a strict accountability and to a strict performance of their duty as defined by statute. (*Walton v. Channel,* 34 Ida. 532, 204 Pac. 661; *County of Blaine v. Fuld,* 31 Ida. 362, 171 Pac. 1138.)

BUDGE, C. J.—This is an action by respondent as a taxpayer of Highway District Number Two of Latah county, prosecuted on her own behalf and on behalf of all taxpayers within said district like situated, to recover certain funds of the highway district invested by its officers with the Inves-

37 Idaho.—48

tors Syndicate of Minneapolis, a foreign corporation, to return the same to the funds of the district and to enjoin the officers of the district from making further like investments. To the complaint a general demurrer was filed and by the trial court overruled. Upon appellants' failure to answer default was entered and judgment awarded respondent in accordance with the prayer of her complaint. It is from this judgment that this appeal is taken.

From the record it appears that the officers of Highway District Number Two of Latah county are G. P. Mix and J. H. Hazeltine, commissioners, Amalie Baring, secretary, and J. H. Hazeltine, treasurer. The latter, as treasurer, is bonded by the Fidelity & Deposit Company of Maryland, hence said company was made a party defendant to this action.

On January 31, 1923, the commissioners of the highway district, at a special meeting, passed the following resolution, viz.:

"That $7,500 each year be invested with the Investors Syndicate for a period of 10 years, said money to be raised by levying a tax for the purpose of creating a sinking fund as provided by law for paying interest and principal of bonds of the district heretofore sold, and the payment herein referred to to be made exclusively from money so raised and to be paid from money so collected and received by said district during January and July of each year; that said money shall be a part of the regular levy for sinking fund purposes."

It further appears from the record that, in consideration of the payment by the highway district of $7,500 each year, $3,750 thereof to be paid semi-annually for ten years, the highway district was to receive $100,000. To carry out the terms of the resolution above quoted, a warrant was issued, under direction of the commissioners, for $3,750, and was delivered and paid to K. B. Erickson, an agent of the Investors Syndicate, as the first semi-annual instalment.

The sole question here presented is whether or not the commissioners of the highway district are authorized to in-

vest the funds of the district in the manner, according to the terms, and upon the conditions contained in the resolution above set out.

Chapter 256, 1921 Session Laws, p. 557, commonly known as the "Public Depository Law," was enacted, as will be noted from the enacting clause, for the express purpose of safeguarding and protecting the funds of political subdivisions and of municipal and *quasi*-municipal corporations of the state, regulating the deposit of public moneys by counties, municipal corporations of every kind and class, including highway districts, prescribing the powers and duties of the officers of all such depositing units and particularly treasurers and auditors thereof, prescribing the qualifications and obligations of banks qualifying as public depositories and the securities they must furnish to so qualify and the terms and conditions upon which they may receive, retain and disburse deposits of public moneys. C. S., sec. 1507, prescribing the general powers of highway boards, must be read and construed *in pari materia* with chapter 256, 1921 Session Laws. When these provisions of the statute are so construed. the powers and duties of highway boards are clearly defined in so far as depositing of highway district funds is concerned.

Chapter 256, 1921 Session Laws, in part provides as follows:

"Sec. 5. 'Supervising board' is the official governing body of a depositing unit."

"Sec. 8. 'Designated depository' is any national bank or any state bank or trust company engaged in the business of a bank of deposit in the state and designated as a depository by the supervising board."

"Sec. 11. Before designating any bank as a depository, the supervising board shall require it to deposit securities or to give bonds, as in this law provided, for the payment of public moneys to be deposited therein and for the interest thereon, which securities and bonds are subject to the approval of the supervising board. When both securities and bonds are given as security under the provisions hereof, each

class shall be held to contribute its ratable proportion of any loss which the depositing unit may suffer or of any recovery to which it may become entitled."

"Sec. 12.   No security shall be accepted by the supervising board except:

"1. United States bonds or obligations or those for which the faith of the United States is pledged to provide for the payment of the interest and principal, including the bonds of the District of Columbia.

"2. Bonds of the state of Idaho, or those for which the faith of the state of Idaho is pledged, or for which the state of Idaho is ultimately liable.

"3. Bonds of any county, municipal corporation or any school or highway district in the state.

"4. Bonds of the depositing unit.

"5. Warrants of the state of Idaho or warrants of interest bearing obligations of any county or municipal corporation in the state issued pursuant to the authority of any law of the state for the payment of which the faith and credit of said county or municipal corporation issuing them are pledged.

"6. Warrants of the depositing unit.

"7. Bonds of any association, corporation or company approved by the board of governors of the New York stock exchange and listed on the New York stock exchange. . . ."

"Sec. 27.   Where there are no approved depositories in the depositing unit, or where the money in the treasury exceeds the amount which may be legally deposited in the approved depositories in the depositing unit, the said moneys or excess moneys shall be deposited in banks outside of the depositing unit, but within the state of Idaho, which may be designated by the supervising board under the same conditions and subject to the same requirements as if in the depositing unit."

"Sec. 28.   All deposits in public depositories shall be subject to payment when demanded by the treasurer on his check."

This act is complete within itself and is a limitation upon the power of the supervising board in the matter of the investment of public moneys and in order that a valid deposit be made it must be strictly complied with.  It is apparent from the pleadings that the Investors Syndicate is not a designated depository within the provisions of chapter 256, 1921 Session Laws, but that it is a foreign corporation organized and existing under and by virtue of the laws of the state of Minnesota, where it has its residence.  Not being a public depository it could not receive deposits of public funds.  It is also apparent from the pleadings that the instalment savings certificate of the Investors Syndicate does not fall within any class of approved securities specified in sec. 12 of the Public Depository Law.  It is also apparent from the certificate that the funds deposited with the Investors Syndicate are not subject to payment when demanded by the treasurer on his check as provided by sec. 28 of the Public Depository Law, but, on the contrary, the certificate provides for payments of a stipulated amount semi-annually for a fixed period, and in no event has the certificate a cash surrender value until after the end of the second year, and then only upon written request can the holder of the certificate receive a paid-up certificate at the maturity date of the certificate, which would be in ten years.  While this latter observation may not be controlling, it is suggested for the purpose of calling attention to the marked distinction between securities approved by the Public Depository Law and the securities sought to be purchased in the instant case.

While it is quite proper and in keeping with the statutes of this state governing the investment of public funds that the burden of the taxpayer should be lessened to the extent of all interest that may be earned by public funds collected or to be collected, the investment of such funds is controlled by statutory provisions which must be strictly followed, even though the interest so earned is less than might be earned by speculative investments.

Since we have reached the conclusion that the investment of all public funds, including highway district funds, is

controlled by chapter 256, 1921 Session Laws, the necessity for further discussion of this case is deemed unnecessary. The judgment of the trial court is affirmed.

McCarthy, Dunn and William A. Lee, JJ., concur.